**In the Matter of KLABER BROS., INC. Debtor.**

United States District Court
S. D. New York.
May 18, 1959.

84

Weisman, Allen, Spett & Sheinberg, New York City, for Dist. 65, Retail, Wholesale and Dept. Store Union, AFL-CIO, Irving Rozen, New York City, of counsel.

Schaeffer & Goldstein, New York City, for debtor-in-possession, Stanley S. Horvath, Forest Hills, N. Y., of counsel.

LEVET, District Judge.

District 65, Retail, Wholesale and Department Store Union, AFL-CIO (hereinafter referred to as the "Union") seeks to review and reverse an order of Hon. John E. Joyce, Referee in Bankruptcy, dated March 31, 1959. This order in the above proceeding for an arrangement (Chapter 11) granted a motion of the debtor-in-possession seeking to reject a collective bargaining agreement between the debtor and the Union, dated February 1, 1958.

The Union contends:

(1) That the National Labor Relations Board has preemptive jurisdiction by reason of Section 15 of the Labor Management Relations Act of 1947, Title 29 U.S.C.A. § 165, which reads as follows:

"§ 165. Conflict of laws

"Wherever the application of the provisions of section 672 of Title 11 conflicts with the application of the provisions of this subchapter, this subchapter shall prevail: *Provided,* That in any situation where the provisions of this subchapter cannot be

validly enforced, the provisions of such other Acts shall remain in full force and effect. July 5, 1935, c. 372, § 15, 49 Stat. 457; June 23, 1947, 3:17 p. m., E.D.T., c. 120, Title I, § 101, 61 Stat. 151."

(2) That, assuming the Referee had the power to reject, he abused his power under the circumstances of this case.

Preemptive Jurisdiction

The Union's first contention is without foundation. The cited section relates only to Section 672, Title 11 U.S. C.A., which reads as follows:

"§ 672. Labor and company unions; right to organize or join

"The right of employees or of persons seeking employment on the property of a debtor under the jurisdiction of the court to join a labor organization of their choice, or to refuse to join or remain members of a company union, shall be free from interference, restraint, or coercion by the court, a debtor, or trustee. It shall be the duty of a debtor or trustee to report to the judge any agreement restricting or interfering with such right, and the judge shall thereupon enter an appropriate order for the termination of such agreement and for notice to the employees that the same is no longer binding upon them. No funds of the estate shall be used by a debtor or a trustee for the purpose of maintaining company unions."

This case involves no conflict between Section 672 of Title 11 U.S.C.A. and the National Labor Relations Act (Title 29 U.S.C.A. § 141 et seq.).

It is clear that there is no intent to limit the application of the authority and power granted to the court in Title 11 U.S.C.A. § 713 to reject executory contracts. The pertinent part of this section is as follows:

"Upon the filing of a petition, the court may, in addition to the jurisdiction, powers, and duties conferred and imposed upon it by this chapter

"(1) permit the rejection of executory contracts of the debtor, upon notice to the parties to such contracts and to such other parties in interest as the court may designate

\* \* \* "

The cases cited by the Union in its brief upon the hearing of this review, to wit, Garner v. Teamsters' Chauffeurs and Helpers Local Union, 1953, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228; Building Trades Council v. Kinard Construction Co., 1954, 346 U.S. 933, 74 S.Ct. 373, 98 L.Ed. 423; Weber v. Anheuser-Busch, Inc., 1955, 348 U.S. 468, 75 S.Ct. 480, 99 L.Ed. 546; San Diego Building Trades Council, Milkmen's Union, Local 2020 v. Garmon, Supreme Court of the United States, 79 S.Ct. 773; Paul Stevens, as Receiver of Carolina Scenic Stages, 109 N.L.R.B. 86 (1954) and Matter of American Buslines, Inc., D.C.D.Neb., 1957, 151 F.Supp. 877, are not applicable to this issue.

As the Referee stated in passing upon this issue: "The Bankruptcy Act makes no distinction among classes of executory contracts. The power to permit rejection of an executory contract should be exercised where rejection is to the advantage of the estate. Where the contract is detrimental, its rejection should be permitted." I likewise conclude that there should be no differentiation in the treatment of executory employment or collective bargaining contracts as to termination under the circumstances of this case.

### Other Objections

The fact that the Union filed with the National Labor Relations Board on March 18, 1959 a charge of unfair labor practice based upon the application for the rejection of the contract and refusal to bargain, is immaterial. The National Labor Relations Board, in my opinion, has no jurisdiction here to interfere with the rejection of an executory contract, as provided for by Section 713 of Title 11 U.S.C.A. It is not attempting to do so.

The Referee in Bankruptcy did not abuse his power in making the order of rejection. The history of this order is as follows: On March 10, 1959, upon a petition of Klaber Bros., Inc., the debtor-in-possession, an order to show cause was signed by the Referee directing the Union to show cause why the debtor-in-possession should not be permitted to reject the executory contract, above mentioned. After an answer by the Union, a hearing and an adjourned hearing were had, at which the Union was represented by counsel and in which testimony of Ben L. Berman, a general organizer of this Union, was permitted. The witness recognized the injury to the estate if the contract were to be continued, and offered, it is true, certain concessions. However, as stated in Collier on Bankruptcy, 14th Ed., Vol. 8, p. 163:

"An executory contract cannot be rejected in part, and assumed in part. The Debtor, or the trustee, is not free to retain the favorable features of the contract, and reject only the unfavorable ones. Assumption carries with it all of the burdens as well as the benefits of the contract. The contract must be rejected in its entirety, or not at all."

The Referee, after hearing the testimony and arguments of the parties, said: "It appears from the testimony of the union representative that the contract is a burden on the estate. The motion, therefore, for leave to reject it is granted." In my opinion, the Referee's determination was fully justified under the circumstances here involved.

Hence, no ground is presented for setting aside the determination of the Referee in Bankruptcy.

Accordingly, the order of the Bankruptcy Referee is affirmed.

So ordered.